# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1061V
Filed: April 28, 2017
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * *
WILLIAM STAAK, JR.,

        Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

        Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * * * *

Attorneys' Fees and Costs;
Special Processing Unit ("SPU")

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA, for petitioner.*
*Sarah C. Duncan, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

     On August 25, 2016, William Staak, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program").  Petitioner alleges that within two hours of the influenza vaccination on September 29, 2015, he developed severe left shoulder pain and that his injuries were caused by the influenza vaccination.  Petition at 1, ¶¶ 5, 6, 14.  On April 3, 2017, the undersigned issued a decision awarding compensation to petitioners based on respondent's proffer to which petitioners agreed. (ECF No. 20).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On April 9, 2017, petitioners filed a motion for attorneys' fees and costs. Petitioner requests attorneys' fees in the amount of **$11,101.50** and attorneys' costs in the amount of **$934.30** for a total amount of **$12,035.80**. Petitioner's Motion for Attorneys' Fees and Costs ("Pet. Motion") (ECF No. 24). In compliance with General Order #9, petitioners have filed a signed statement indicating they incurred no out-of-pocket expenses. *See* General Order #9 Statement, filed as 4th Attachment to Pet. Motion (ECF No. 24).

On April 17, 2017, respondent filed a response stating respondent has no objection to petitioner's motion. (ECF No. 25). Respondent cautions that his lack of objection to petitioner's motion "should not be construed as an admission, concession, or waiver as to the hourly rates requested, the number of hours billed, or the other litigation related costs." *Id.*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards $11,101.50 in attorneys' fees and $934.30 in attorneys' costs for a total award of $12,035.80[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Jeffrey S. Pop.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.